Ferrer et al., Apelantes, *v.* Torruella et al., Apelados.

Apelación procedente de la corte de Distrito de Ponce.

No. 912.—Resuelto en febrero 14, 1913.

Ejecución de Sentencia—Nulidad de Subasta—Publicación de Edictos.—Aun admitiendo que en el caso de autos se hubiera cometido error al no publicar los edictos durante el término que exigía la Ley de Enjuiciamiento Civil antigua, de acuerdo con dicha ley, la parte perjudicada debió pedir la nulidad de las actuaciones en el mismo pleito original tramitado de acuerdo con dicha ley, y en el cual se cometió dicho error. Vendida la finca a un tercero, y habiendo transcurrido varios años, ya es demasiado tarde para que la parte perjudicada pueda entablar la acción de nulidad de dichas actuaciones.

Id.—Venta en Pública Subasta—Escritura Otorgada por Orden de la Corte.—Cuando en procedimiento sobre ejecución de sentencia tramitado de acuerdo con la Ley de Enjuiciamiento Civil antigua, se ejecuta la finca del deudor y se le adjudica al acreedor por dos terceras partes de su valuación y la corte ordena que el deudor otorgue la correspondiente escritura de venta de adjudicación en pago de la sentencia, esta venta, reuniendo los requisitos de todo contrato determinados en el artículo 1228 del Código Civil, es válida, y en ausencia de fraude, intimidación, violencia u otro elemento semejante, no puede ser anulada.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Alfredo Arnaldo.*

Abogado de Doña Asunción Torruella: *Sr. José A. Poventud.*

Abogado de Don Fernando Vendrell: *Sr. Francisco Parra.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del Tribunal.

Don Luis Pérez Valdivieso obtuvo durante su vida una sentencia por la suma de dieciseis mil ($16,000) pesos, moneda mejicana, contra la Sucesión de Don Carlos Pages y Maristani. Después de la muerte de su esposo, Doña Asunción Torruella Rivera, subrogada en el lugar y derecho de su referido esposo, procedió a la ejecución de dicha sentencia, y en su ejecución fué embargada la propiedad de los demandados Doña Obdulia Ferrer y sus hijos Don José, Don Carlos, Don Manuel y Don Juan Pages y Ferrer. El valor de la finca embargada alcanzó a la suma de 51,602 pesos, equivalentes a 30,361 dólares y la Corte de Distrito de Ponce, como continuadora del extinguido juzgado de primera instancia de esa ciudad ante el cual el pleito original había sido seguido en el año 1894, dictó una providencia mandando a sacar a remate la dicha finca por término de veinte días, disponiendo que se anunciara en remate por medio de edictos que habrían de publicarse en la "Gaceta de Puerto Rico" y en "La Democracia," y esos edictos fueron así publicados en la "Gaceta" el día 17 de octubre de 1899 y en "La Democracia" el 14 de octubre del mismo año. En 26 de octubre de 1899, que era el día señalado para la subasta, se celebró el remate. No concurrió al remate ningún licitador, y entonces la ejecutante Doña Asunción Torruella y Rivera solicitó que la finca le fuera vendida por las dos terceras partes de su tasación. En 17 de marzo de 1900, la Corte de Distrito de Ponce adjudicó la expresada finca a Doña Asunción Torruella por las dos terceras partes de su tasación, y a solicitud de la adjudicataria se requirió a Doña Obdulia Ferrer y sus hijos para que otorgaran escrituro de venta a Doña Asunción Torruella, de la finca rematada; y en cumplimiento de esta providencia judicial, la ex-

presada Obdulia Ferrer y sus hijos otorgaron escritura notarial a favor de Doña Asunción Torruella, cuyo título fué, según la demanda, inscrito en el Ayuntamiento de Santa Isabel el día 10 de abril de 1900. Don Fernando Vendrell compró esta finca a Doña Asunción Torruella, teniendo conocimiento de que entre el remate de ella y la fecha de la publicación de los edictos anunciándolo, no había transcurrido el término de veinte días fijados por la ley para la celebración de dicho remate.

Estos son los hechos esenciales de este pleito, según se alegan en la demanda presentada por Obdulia Ferrer y otras, contra la cual la demandada Asunción Torruella formuló una excepción previa. Esta excepción previa fué declarada con lugar, se dictó sentencia y los demandantes interpusieron recurso de apelación.

Alega el apelado en contestación a la alegación hecha por el apelante de que la venta era nula por no haberse publicado por el término de veinte días, que un contrato de compraventa no puede ser declarado nulo excepto en los casos de intimidación, violencia, error o fraude, etc., y se funda en los artículos 1267, 1268 y 1228 del Código Civil. Alegan además que los apelantes debieron en primer lugar haber entablado una acción de nulidad de actuaciones antes de solicitar la nulidad del contrato de compraventa. De igual modo sostiene que la venta no se hizo con arreglo a la ley hipotecaria, y por tanto que no era necesario que los edictos fuesén publicados por veinte días, sino que si transcurrieron veinte días desde la fecha en que se dictó la providencia hasta la venta, con esto se cumplió suficientemente con la ley de enjuiciamiento civil que entonces regía. También alegan los apelados que no procede entablar un pleito por separado para anular estos procedimientos, porque la solicitud interesando dicha nulidad debió haberse presentado en el pleito anterior. Otra alegación que hicieron los apelados es la de que los apelantes al otorgar la escritura a Doña Asunción Torruella renunciaron a cualquier defecto que hubiera exis-

tido en la venta o en la publicación de los edictos. Alegan por último los apelados que la acción había prescrito según resulta de la faz de la demanda.

La parte apelante quizás tenga razón en sostener que era necesario que los edictos se publicaran por veinte días. Sin embargo, aun admitiendo que se hubiera cometido un error al no publicarlos en esa manera, creemos que tal cuestión solamente puede promoverse por virtud de una solicitud para anular las actuaciones habidas en el pleito y dicha solicitud tendría que hacerse en el pleito original. Después que la propiedad ha sido vendida a un tercero y los demandantes han dejado pasar años, es demasiado tarde para entablar dicha acción.

El fundamento principal para confirmar la sentencia es que existe un contrato válido otorgado por los apelantes, por virtud del cual traspasaron la finca al causante del actual dueño de la finca. Después que los procedimientos de ejecución a que se ha hecho referencia tuvieron lugar, la corte ordenó a los apelantes que hicieran el traspaso de la finca a Doña Asunción Torruella. El referido traspaso se verificó y tiene todos los requisitos de un contrato válido, con arreglo al artículo 1228 del Código Civil, puesto que el causante de los apelantes era deudor del anterior dueño de la finca, estando todos los apelados capacitados para contratar y prestaron su consentimiento. Nada implica que existiera una orden de un tribunal ordenando el traspaso. La negativa no aparejaba castigo personal o perjuicio de ninguna clase. Habiéndose hecho el traspaso, existe un contrato enteramente válido, y no habiéndose demostrado la existencia de fraude, intimidación o violencia, u otro elemento indebido, debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.